## SAMUEL BEAN *vs.* HUGH GREEN.

The writ and process, to which alone the power of quashing is applicable, may be quashed for defects therein, but not for defects in the declaration.

In an action of trespass, for an injury to the plaintiff's cattle, without taking or converting them, the averment of value is not material. If it were, the want of it could only be taken advantage of by special demurrer, and is therefore cured by the statute of 1836, *c.* 273, § 3, by which special demurrers are abolished. Such defect would also be cured as a circumstantial error, by the Rev. Sts. *c.* 100, § 21.

THIS was an action of trespass originally brought in the justice's court of the city of Lowell, for chasing, beating and wounding a cow and heifer, the property of the plaintiff. The declaration was as follows: —

"In a plea of trespass, for that the said defendant, at said Lowell, heretofore, to wit, on the first day of October current, with force and arms, chased, beat, and worried a cow of the property of the plaintiff, and a heifer, also of the proper goods and chattels of the plaintiff, and thereby greatly damaged said cow and said heifer, against our peace; also, for that said defendant, heretofore, to wit, at said Lowell, on the first day of October aforesaid, with force and arms chased, beat,

Bean *v.* Green.

bruised, and worried a certain other cow and heifer, both of the proper goods and chattels of the plaintiff, and thereby wounded and hurt said cow and said heifer, and otherwise greatly injured and damaged said cow and heifer, to wit, to the value of twenty dollars, against our peace, and to the damage of the said Bean, as he says, the sum of twenty dollars, as shall then and there appear, with other due damages."

The defendant moved, before the justice, that the writ should be quashed, on the ground, that the writ and declaration were insufficient in law, because no value was alleged therein to the property alleged to be injured. The justice allowed the motion, and gave judgment for the defendant for his costs; whereupon the plaintiff appealed to the court of common pleas. The defendant, in that court, before *Wells*, C. J., renewed his motion to quash the writ, for the reason above stated; which motion being allowed, and the writ quashed accordingly, the plaintiff alleged exceptions.

*B. Dean*, Jr., and *J. Dinsmore*, for the plaintiff.

*B. F. Butler*, for the defendant, referred to 1 Chit. Pl. 410, 411; Steph. Pl. 347; *Bertie* v. *Pickering*, 4 Burr. 2455; *Reading* v. *Clarke*, 4 B. & Ald. 268, 271; Bac. Ab. Trespass, I.

By THE COURT. We think the exceptions must be sustained, and the order quashing the writ reversed, for several reasons. When the action is not for taking or converting the cattle, but only for damage to them, the averment of value is not material. The case cited, in which a declaration was held bad on special demurrer, for want of an averment of value, was *indebitatus assumpsit* for tolls payable in kind, and the value was material. *Reading* v. *Clarke*, 4 B. & Ald. 268. But if it were otherwise, it would be bad only on special demurrer, and the right to demur specially is taken away by statute 1836, *c.* 273. Besides, the defect is cured by statute, providing that no writ shall be quashed for any circumstantial error, when the person and case may be rightly understood by the court. Rev. Sts. *c.* 100, § 21.

But further, the power of quashing applies to the writ and

process only ; the writ cannot be quashed for any defect in the declaration. The judgment of the court of common pleas quashing the writ must be reversed, and the case re-manded for further proceedings.